# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM GROHS,<br>    Plaintiff,<br><br>    v.<br><br>KELLY SMITH GROHS,<br>    Defendant. | No. 3:17-cv-01605 (SRU) |

## RULING AND ORDER

Kelly Smith Grohs removed her family court case to this court after the Connecticut Superior Court awarded sole custody of her children to her former husband, William Grohs. *See* Pet. Removal, Doc. No. 1. After examining the petition for removal, I concluded that the case was improperly removed and ordered that it be remanded to Connecticut Superior Court. Ms. Grohs has now moved for reconsideration of that ruling. I grant the motion for reconsideration, but deny the requested relief, and adhere to my decision to remand the case to state court.

**I.    Standard of Review**

Federal Rule of Civil Procedure 60(b) provides that the district court may

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright et al., *Federal Practice & Procedure* § 4478).

## II.   Background

Kelly Smith Grohs and William J. Grohs were divorced on July 26, 2011. *See* Judgment of Dissolution, *Grohs v. Grohs*, No. UWY-FA10-4022991-S, Doc. No. 169.00 (Conn. Super. Ct. July 26, 2011). In connection with their divorce, they entered into a Parenting Agreement that was "attached []to and made a part []of" the Dissolution of Marriage Settlement Agreement.[1] *See* Ex. L to Pet. Removal, Doc. No. 1-11, at 3. Ms. Grohs alleges that Mr. Grohs subsequently violated the terms of the Parenting Agreement and conspired with judges of the Connecticut Superior Court to obtain sole custody of the children. *See* Pet. Removal, Doc. No. 1, at 5–6.

---

[1] The terms of the Parenting Agreement are not apparent from the Petition for Removal, because Ms. Grohs did not attach it. *See generally* Pet. Removal, Doc. No. 1.

On September 25, 2017, after the Superior Court awarded sole custody of the children to Mr. Grohs, Ms. Grohs removed the family court action to this court under 28 U.S.C. §§ 1441(a) & 1443. She asserted a slew of bases for federal jurisdiction, including 18 U.S.C. §§ 228 (the Child Support and Recovery Act) and 1346 (the Child Abuse Prevention and Treatment Act); 28 U.S.C. §§ 1331 (Federal question jurisdiction), 1361 (Action to compel an officer of the United States to perform his duty), 1391 (Venue), 1491 (the Tucker Act), 1651 (the All Writs Act), 1738A (Full faith and credit given to child custody determinations), & 2283 (the Anti-Injunction Act); 29 U.S.C. § 701 (the Rehabilitation Act); 42 U.S.C. §§ 1983 (the Civil Rights Act of 1866), 12133, & 12188 (the Americans with Disabilities Act ("ADA")); Federal Rules of Civil Procedure 5.1, 15, & 65; the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Fourteenth, and Nineteenth Amendments to the United States Constitution; and Article I, Section 10, Clause 1, Article IV, Section 2, Clause 1, and Article VI of the United States Constitution. Ms. Grohs also moved to proceed *in forma pauperis* and to appoint counsel. *See* Docs. 2 & 3.

On October 6, 2017, Mr. Grohs appeared through counsel and moved to remand the case to state court on grounds of untimely removal and lack of subject-matter jurisdiction under the domestic relations exception or the *Rooker-Feldman* doctrine. *See* Mot. Remand, Doc. No. 10; Mem. Supp. Mot. Remand, Doc. No. 11. He also sought attorneys' fees and costs incurred as a result of the removal. Ms. Grohs filed several motions in response, *see* Docs. Nos. 13–20, including, on October 13, 2017, an objection to Mr. Grohs' motion to remand. *See* Doc. No. 18.

On October 17, 2017, I issued a ruling remanding the case for lack of subject-matter jurisdiction. *Grohs v. Grohs*, 2017 WL 4678182 (D. Conn. Oct. 17, 2017). I concluded that removal was improper under 28 U.S.C. § 1441(a) because "the 'face of the complaint' d[id] not reveal a substantial federal question." *Id.* at *2 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S.

3

386, 399 (1987)). I further concluded that removal was improper under the civil rights removal statute, 28 U.S.C. § 1443, because "Ms. Grohs ha[d] not plausibly alleged that her race-based 'civil rights were denied or could not be enforced in state court.'" *Id.* at *4 (quoting *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988)). In addition, I held that Ms. Grohs' lawsuit was barred by the *Rooker-Feldman* doctrine because she "clearly "complain[ed] of injury from a state-court judgment," *id.* (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)), and by the domestic relations exception to federal subject matter jurisdiction, because the relief sought by Ms. Grohs would "force me to . . . 'become[] embroiled in factual disputes concerning custody and visitation matters.'" *Id.* at *5 (quoting *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990)). For all of those reasons, I determined that federal subject matter jurisdiction could not be properly exercised over Ms. Grohs' case, and remanded the action to Connecticut Superior Court.

Ms. Grohs now moves for reconsideration. *See* Mot. Reconsid., Doc. No. 24. In effect, she argues that I "did not address" her constitutional or ADA claims against the Connecticut judiciary. *See id.* at 2. She also contends that because she was "still within the window to amend," I should have allowed her to "cure[] [the] document." *Id.* Finally, she objects that I described her attempt at removal as "frivolous," *id.* at 5, accuses me of "show[ing] bias toward the male party," *id.* at 7, and asks that I "allocate a new unbiased trier" and "provide an articulation" so that she can "appeal the remand." *Id.* at 8.

### III. Discussion

Section 1447(d) of the federal removal statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "Although section 1447(d) could be read expansively to apply to all remand

4

orders," the Supreme Court has construed the provision to "prohibit[] review only of those remand orders based on the grounds specified in section 1447(c)." *Price v. J&H Marsh & McLennan*, 493 F.3d 55, 59 (2d Cir. 2007) (Newman, J.) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)). Among other grounds, section 1447(c) requires the court to remand if it "determine[s] that [it] lack[s] subject matter jurisdiction." *See id.* Such remand may occur at any time, for without subject matter jurisdiction—as determined 'by looking to the complaint as it existed at the time the petition for removal was filed," *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998)—the case was never susceptible to being removed at all. *See Whitnum v. Town of Darien*, 2017 WL 2661617, at *2 (D. Conn. June 20, 2017).

As the Second Circuit has held, section 1447(d)'s prohibition of review "on 'appeal or otherwise' . . . preclude[s] not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA*, 412 F.3d 307, 311 (2d Cir. 2005) (quoting *Seedman v. U.S. District Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam)); *accord Three J Farms v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (Section 1447(d) "not only forecloses appellate review, but also bars reconsideration of such an order by the district court."). Reconsideration is barred "out of respect for the state court and in recognition of principles of comity." *Three J Farms*, 609 F.2d at 115 (quoting *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969)). Federal circuits have observed that district courts should "interfere[] with" state proceedings through removal "once, at most," and that "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *Id.* (quoting *In re La Providencia Dev. Corp.*, 406 F.2d at 252). Thus, "once a section 1447(c) remand order has been mailed to the state court . . . , federal jurisdiction is at an end," and the district court "has no power to retrieve" the remanded case. *Shapiro*, 412 F.3d at 312; *Seedman*, 837 F.2d at 414.

In short, I may reconsider my earlier ruling only if (a) the remand order did not arise under section 1447(c), or (b) the order has not been "mailed to the state court." *See Shapiro*, 412 F.3d at 312. In this case, although my ruling clearly was "based . . . on a section 1447(c) ground," *id.* at 310—namely, lack of subject matter jurisdiction—the Clerk has not yet "certifie[d] [the] remand order to state court." *See Seedman*, 837 F.2d at 414. Hence, I may proceed to address Ms. Grohs' motion for reconsideration.

The relief requested by Ms. Grohs must be denied. First, I declined to address Ms. Grohs' discrimination claims in my previous ruling because those claims were brought via an improper notice of removal. Ms. Grohs cannot remove a family court custody battle to this court simply by alleging that the state court has violated her federal civil rights. "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (citing *Hernstadt v. Hernstadt*, 373 F.2d 316, 318 (2d Cir. 1967)), *aff'd*, 484 U.S. 174 (1988). Moreover, "whether a case . . . is removable or not . . . is to be determined by the allegations of the complaint . . . . [I]f the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). Counterclaims, cross-claims, and third-party claims "do[] not establish 'arising under' jurisdiction." *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also St. John's Univ. v. Certain Underwriters at Lloyd's*, 760 F. Supp. 2d 3981, 383 (S.D.N.Y. 2011) ("The majority view is that the third-party defendant lacks the power to remove the case . . . ."); *Lesure v. City of East Cleveland*, 2016 WL 438994, at *2 (N.D. Ohio Feb. 3, 2016) ("If a third party defendant is barred from removing an action based on a third party complaint, a third party plaintiff should also be barred from removing an action based on the

third party complaint."). Should Ms. Grohs wish to bring federal civil rights claims against the state court system, she must file an independent lawsuit.

Second, Ms. Grohs was not entitled to an opportunity to cure the deficiencies in her removal petition by amendment. Because more than 30 days have passed "from the date of service of the initial state court pleading," Ms. Grohs' petition for removal only "may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition," and "may not be untimely amended" to correct "fundamental" defects. *CBS v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991); *see F&L Drug Corp. v. Am. Cent. Ins. Co.*, 200 F. Supp. 718, 722–23 (D. Conn. 1961). Here, the defects were "fundamental"—that is, "substantive"—and no amendment would have corrected the petition's "total absence of jurisdictional foundations." *See Snyder*, 762 F. Supp. at 76 (quoting *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968)); *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000). For the same reason, even though *pro se* pleadings ordinarily "should not be dismissed without granting leave to amend at least once when a liberal reading . . . gives any indication that a valid claim might be stated," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), I reasonably concluded that "better pleading w[ould] not cure" the "substantive" problems with Ms. Grohs' petition. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, I rightly denied Ms. Grohs a "futile" opportunity to amend.

Finally with respect to Ms. Grohs' suggestion that I "show[ed] bias toward the male party" by describing her attempt at removal as "frivolous," Mot. Reconsid., Doc. No. 24, at 5, 7, Ms. Grohs misunderstands my earlier ruling. I did not mean that her grievances were trivial. Despite the word's harsh connotations for non-lawyers, "frivolous" is a legal term of art that has a precise meaning and is not intended to be insulting. A claim is "frivolous" if it lacks an

arguable basis either in law or fact, or when a dispositive defense, such as lack of subject matter jurisdiction, clearly exists on the face of the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998); *Hidalgo-Disla v. INS*, 52 F.3d 444, 446–47 (2d Cir. 1995). I described Ms. Grohs' "attempt to remove the case . . . [as] 'plainly frivolous,'" *see Grohs*, 2017 WL 4678182, at *5 (quoting *Simithis*, 849 F.2d at 774), because her petition was "clearly insufficient on its face" to establish federal subject matter jurisdiction. *See United States v. Schneider*, 395 F.3d 78, 86 n.3 (2d Cir. 2005) (quoting *Black's Law Dictionary* (6th ed. 1990)). My use of the word "frivolous" would not "be viewed by 'an objective, disinterested observer' as evidencing bias," and does not require reassigning this case to another judge. *See In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008).

## IV. Conclusion

For the reasons stated, I grant the motion for reconsideration, Doc. No. 24, but deny the requested relief. Whatever the merits of Ms. Grohs' discrimination claims, she cannot bring them in federal court by removing her state court custody proceedings. Because I have sufficiently explained the basis of my decisions, I deny Ms. Grohs' request for further articulation.

The Clerk shall send a copy of this ruling to Connecticut Superior Court, Judicial District of Waterbury at Waterbury, and remand the case.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of November 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

8